UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| JAMES STANDRIDGE, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:06-CV-246 |
| | ) | | (VARLAN/SHIRLEY) |
| STATE OF TENNESSEE, DEPARTMENT | ) | | |
| OF CHILDREN'S SERVICES, *et al*, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## **MEMORANDUM AND ORDER**

This civil action is before the Court on the plaintiff's Motion for Entry of Default against the State of Tennessee, Department of Children's Services, Marquita Andrews, and Stacey Sassee [Docs. 6, 7, 8] and on the defendants' Motion to Set the Time to File a Responsive Pleading on Behalf of All Defendants at Sixty Days from the Date that the Plaintiff Serves All Defendants. [Doc 5]. The Court will address each of these motions in turn.

**I.      Motions for Entry of Default**

The plaintiff requests entry of default against the State of Tennessee, Department of Children's Services, Marquita Andrews, and Stacey Sassee for failure to file a responsive pleading in this case. [Docs. 6, 7, 8]. The defendants oppose the plaintiff's motion, arguing that the plaintiff has not properly served the defendants, so the time for the defendants to file a responsive pleading has not yet run. [Doc. 11]. The defendants further state that they are

willing to waive service of process if they are allowed sixty days after entry of this order to file a responsive pleading. [*Id.*].

The Court notes that on July 3, 2006, the plaintiff filed a Return of Service [Doc. 3] indicating that the plaintiff had attempted to achieve service process upon the defendants by serving "B. Smith," the Secretary of DCS. Additionally, on December 1, 2006, the plaintiff filed a Return of Service [Doc. 9] indicating that the plaintiff had served defendant Sassee by certified mail. The plaintiff has failed to properly serve the following defendants: State of Tennessee, Department of Children's Services, Marquita Andrews in her individual capacity, and Marquita Andrews in her official capacity. *See* Fed. R. Civ. P. 4. Furthermore, the plaintiff has failed to timely serve Stacy Sassee. *See* Fed. R. Civ. P. 4(m). Accordingly, the plaintiff's motions for default [Docs. 6, 7, 8] are **DENIED**. Additionally, the Court finds the defendants' offer to waive service [Doc 11] to be well-taken, and service on the defendants is hereby **WAIVED** in this matter.

II. **Motion to Set the Time to File a Responsive Pleading on Behalf of All Defendants at Sixty Days from the Date that the Plaintiff Serves All Defendants**

The defendants request that, rather than responding piecemeal as each defendant is served, instead they be allowed to file one responsive pleading for all of the defendants within sixty days of service upon all defendants. [Doc. 5]. The plaintiff has not responded to the defendants' motion and the time for doing so has passed. *See* L.R. 7.1, 7.2. The Court finds the defendants' motion [Doc. 5] well taken and the same is hereby **GRANTED**. The

defendants shall have sixty days from the entry of this order to file a responsive pleading for all of the defendants.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE